# IN THE UNITED STATES DISTRICT COURT FOR
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | NO. 3:21-cr-00145 |
| v. | ) | |
| | ) | JUDGE CAMPBELL |
| ANTHONY USSERY | ) | |

## MEMORANDUM AND ORDER

Pending before the Court are Defendant's Motions to Suppress (Doc. Nos. 21, 23, 25) and the Government's Response (Doc. No. 27). Through the pending Motions, Defendant seeks to suppress evidence seized by law enforcement pursuant to a traffic stop on March 23, 2021, and any statements he made thereafter. The Court held a hearing on the Motions on October 13, 2021. For the reasons stated below, the Motions are **DENIED**.

## I. FACTS

On March 23, 2021, Detective Kessler was driving near the Nashville International Airport when he observed a vehicle that had windows tinted darker than what Detective Kessler believed was lawfully allowed. (Doc. No. 27-1 at 1). Based on his observation of a traffic violation, Detective Kessler initiated a traffic stop on the vehicle on 1-40 at the 215B exit ramp. (*Id.*). After making contact with the sole occupant of the vehicle, later identified as Anthony Ussery, Detective Kessler explained that he stopped the vehicle due to the excessive window tint. (*Id.*).

While waiting for information from his dispatch related to Mr. Ussery and the vehicle, Detective Kessler deployed his narcotics detection K-9, Havoc, who alerted on the passenger side of the vehicle. (*Id.* at 2). During a search of the vehicle, Detective Kessler discovered, among other things, a handgun and approximately fifty-seven grams of heroin. (*Id.*). After Mr. Ussery was placed under arrest, Detective Kessler provided him with a *Miranda* warning and Mr. Ussery stated

that he understood his rights and agreed to speak with Detective Kessler. (*Id.*). Mr. Ussery stated that he purchased the heroin with the intent to sell it, and that he was in the process of selling the heroin when he was pulled over. (*Id.*). Before transporting Mr. Ussery to the station, Detective Kessler utilized a tint meter on the vehicle and discovered the windows to be at 4%. (*Id.*).

## II. ANALYSIS

Mr. Ussery moves to suppress evidence seized from the vehicle, arguing that Detective Kessler did not have the legal authority, probable cause, or reasonable suspicion to pull him over. (*See* Doc. Nos. 21, 25). Mr. Ussery also moves to suppress statements he made after the traffic stop on the grounds that he did not make any statements voluntarily and that any statements were made subsequent to an illegal arrest. (Doc. Nos. 23).

### A. Detective Kessler's Authority to Conduct the Traffic Stop

Mr. Ussery contends that Detective Kessler was without legal authority to conduct a traffic stop for a believed violation of Tennessee's window tint law because: (1) Detective Kessler's observations and stop of the vehicle did not occur on airport property; and (2) Detective Kessler is a federal law enforcement officer. (Doc. No. 25). In support, Mr. Ussery asserts that Detective Kessler's "arrest authority is restricted to violations occurring on airport property while on duty at the airport" pursuant to 49 C.F.R. § 1542.217. (*Id.* ¶ 2). However, Section 1542.217 does not limit the arrest authority of law enforcement personnel, but rather establishes the baseline arrest authority required. *See* 49 C.F.R. § 1542.217. Moreover, the government produced evidence that Detective Kessler's supervisors concluded that he "was acting within his authority as a state law enforcement officer when he executed the traffic stop and he possessed the jurisdiction to make the traffic stop where he did." (27-2 at ¶ 7). As for Mr. Ussery's second contention, the government has produced evidence that Detective Kessler is employed by a Nashville municipal agency, the

2

Nashville Airport Authority, received a state police commission, trained at the state law enforcement academy, and is not a federal agent. (*See* Doc. No. 27-2). The Court finds that Detective Kessler acted within his legal authority to conduct the traffic stop.

   B.  The Traffic Stop

Mr. Ussery contends that the traffic stop violated his rights under the Fourth Amendment because: (1) it was not based on a valid traffic offense or violation; and (2) it was not based on probable cause or reasonable suspicion. (Doc. No. 22). The government argues that the traffic stop was constitutionally permissible because Detective Kessler had probable cause to initiate the traffic stop once he observed Mr. Ussery operate a vehicle with window tint that he reasonably believed was darker than was is lawfully permitted. (Doc. No. 27).

"The stop of a vehicle qualifies as the 'seizure' of a 'person' that must be 'reasonable' under the Fourth Amendment." *United States v. Brooks*, 987 F.3d 593, 598 (6th Cir. 2021) (citing *Whren v. United States*, 517 U.S. 806, 809–10 (1996)). "To qualify as a reasonable seizure, the traffic stop must be supported (1) by probable cause to believe a civil traffic violation occurred, or (2) by reasonable suspicion of ongoing criminal activity." *United States v. Jackson*, 2021 WL 2460626, at *2 (M.D. Tenn. June 16, 2021) (citing *United States v. Collazo*, 818 F.3d 247, 253–54 (6th Cir. 2016); *United States v. Blair*, 524 F.3d 740, 748 (6th Cir. 2008)). Here, it is undisputed that Detective Kessler stopped the vehicle Mr. Ussery was operating because he believed the vehicle's window tint was darker than permitted under Tennessee's window tint law, Tenn. Code Ann. § 55-9-107, which makes it unlawful to operate a motor vehicle with window tint that results in visible light transmittance of less than 35%. (*See* Doc. No. 22 at 1). Tennessee's window tint law further provides that:

> It is *probable cause* for a full-time, salaried police officer of this state *to detain a motor vehicle* being operated on the public roads,

> streets or highways of this state *when the officer has a reasonable belief that the motor vehicle is in violation of subdivision (a)(1), for the purpose of conducting a field comparison test.*

Tenn. Code Ann. § 55-9-107(c) (emphasis added). Because a Section 55-9-107 violation is also considered an ongoing criminal offense, *see United States v. Simpson*, 520 F.3d 531, 541 (6th Cir. 2008) (citing *Weaver v. Shadoan*, 340 F.3d 398, 407–08 (6th Cir. 2003)); Tenn. Code Ann. § 55-9-107(d) ("It is a Class C misdemeanor … [to] violate any provisions of this section."), Detective Kessler needed only reasonable suspicion that the vehicle's window tint violated the statute to justify an investigatory stop under the Fourth Amendment. *See Brooks*, 987 F.3d at 598 ("Our cases also permit vehicle stops based on a mere 'reasonable suspicion' … that a misdemeanor is occurring[.]") (citing *Collazo*, 818 F.3d at 253–54; *Arizona v. Johnson*, 555 U.S. 323, 330–31 (2009)).

"Reasonable suspicion is more than an ill-defined hunch; it must be based upon a particularized and objective basis for suspecting the particular person of criminal activity." *Collazo*, 818 F.3d at 257 (quoting *United States v. Shank*, 543 F.3d 309, 313 (6th Cir. 2008)). The Sixth Circuit has held that "an officer reasonably suspects a window-tint violation if the officer is 'familiar[ ]' with their state's tint law and 'estimate[s] that [a] vehicle [is] tinted substantially darker than' that law permits." *United States v. Shelton*, 817 F. App'x 217, 219 (6th Cir. 2020) (quoting *Shank*, 543 F.3d at 313); *see also United States v. Ross*, 847 F. App'x 316, 318 (6th Cir. 2021) (quoting *Shank*, 543 F.3d at 313) ("we have held that an officer's traffic stop of an individual for unlawful window tinting does not run afoul of the Fourth Amendment where the officer has 'substantial experience enforcing this traffic regulation' and is 'familiar[ ] with window tinting.'").

During the evidentiary hearing, Detective Kessler testified that, based on his six years of experience and familiarity with enforcing Tennessee's window tint law, he believed the vehicle

4

Mr. Ussery was operating had window tint that was darker than permitted under Tennessee's window tint law. Under the totality of the circumstances, the Court finds that Detective Kessler had reasonable suspicion that the vehicle's window tint was in violation of Section 55-9-107. *See Shelton*, 817 F. App'x at 219. Accordingly, the Court finds that Detective Kessler had probable cause for the traffic stop. *See* Tenn. Code Ann. § 55-9-107(c). The Court also finds that the K-9's alert established probable cause to search the vehicle. *See United States v. Sharp*, 689 F.3d 616, 618 (6th Cir. 2012) ("An alert to the presence of drugs by a properly trained narcotics detection dog is sufficient to establish probable cause to search a vehicle.").

C. Post-*Miranda* Statements

Mr. Ussery submits that his seizure and subsequent arrest were made without probable cause requiring suppression of his subsequent statements as fruits of the poisonous tree. (Doc. No. 24 at 1). Because the Court has found that Mr. Ussery's seizure and arrest were lawful, any subsequent statements were not fruits of a poisonous tree. Furthermore, the Court finds that Mr. Ussery knowingly and voluntarily waived his *Miranda* rights.

### III. CONCLUSION

For the foregoing reasons, Defendant's Motions to Suppress (Doc. Nos. (Doc. Nos. 21, 23, 25) are **DENIED**.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE