## IN THE UNITED STATES DISTRICT COURT FOR
## MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | NO. 3:21-cr-00145 |
| v. | ) | |
| | ) | JUDGE CAMPBELL |
| ANTHONY USSERY | ) | |

## MEMORANDUM AND ORDER

Pending before the Court is Defendant Anthony Ussery's Motion to Sever Offenses (Doc. No. 47), requesting the Court to sever Count One of the Superseding Indictment from Counts Two, Three, and Four pursuant to Rule 14. The Government opposes the Motion. (Doc. No. 50). For the reasons discussed below, Mr. Ussery's Motion is **DENIED**.

## I.    THE INDICTMENT

In the Superseding Indictment, the Government charged Mr. Ussery with four separate counts. (Doc. No. 34). Count One concerns an incident that occurred on May 8, 2019, in which Mr. Ussery was allegedly in possession of ammunition after having been convicted of a felony. Count One charges Mr. Ussery with the possession of ammunition by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924. (Doc. No. 34).   Counts Two, Three, and Four concern events that took place on May 23, 2021, after Mr. Ussery was stopped for excessive window tint. Count Two charges the possession with intent to distribute fentanyl, in violation of 21 U.S.C. § 841(a)(1); Count Three charges the possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(1)(3), 924; and Count Four charges the possession of a firearm in furtherance of drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A). (Doc. No. 34).

## II.    LAW AND ANALYSIS

Mr. Ussery asserts that Count One of the Superseding Indictment was improperly joined with Counts Two, Three, and Four because the possession of ammunition in 2019 is too distant in time and character from the alleged drug and weapon charges in 2021. Alternatively, assuming joinder was proper under Rule 8(a), Mr. Ussery asserts that he would be prejudiced by having to defend allegations that occurred two years apart in an unrelated incident.

### A.  Federal Rule of Criminal Procedure 8(a)

"Rule 8(a) allows the joinder of two or more offenses in the same indictment or information if the offenses charged are 'of the same or similar character,' 'based on the same act or transaction,' or connected by a 'common scheme or plan.'" *Thomas v. United States*, 849 F.3d 669, 675 (6th Cir. 2017). (quoting Fed. R. Crim. P. 8(a)). "Whether a joinder was appropriate under Rule 8(a) is determined by the allegations on the face of the indictment." *Id*. If an indictment fails to satisfy Rule 8(a)'s joinder requirements, severance is required. *United States v. Chavis*, 296 F.3d 450, 456 (6th Cir. 2002). But the Sixth Circuit has held that Rule 8(a) "should be construed in favor of joinder." *United States v. Deitz*, 577 F.3d 672, 691–92 (6th Cir. 2009).

The Government argues the offense in Count One is of the "same or similar character" as the offense charged in Count Three because both Counts are brought under the same statute, 18 U.S.C. § 922(g), and relate to Mr. Ussery possessing firearms. As noted above, Mr. Ussery asserts that Count One is too distant in time and character to joined with the remaining Counts. However, that two years elapsed between the events alleged in Count One and those alleged in the remaining Counts does not necessarily mean that the Counts are misjoined. *See e.g., United States v. Chavis*, 296 F.3d 450, 458 (6th Cir. 2002) ("The lack of any relationship between the two counts in the indictment is further demonstrated by the significant gap in time—nearly two years—that occurred

2

between the offense conduct underlying Count One and that underlying Count Two. Therefore, the government's case for joinder depends upon whether the two offenses were of the same or similar character.") (internal citation and quotation marks omitted); *see also United States v. Nolan*, 162 F. App'x 575, 578 (6th Cir. 2006) (observing that the Sixth Circuit places "little emphasis on temporal connection" when evaluating joinder). The Court agrees with the Government that Count One is of the "same or similar character" as Count 3 and are therefore properly joined under Rule 8. Fed.R.Crim.P. 8(a).

B.  Federal Rule of Criminal Procedure 14

"Once a count has been joined, a district court may grant a Rule 14 motion to sever the count if the joinder 'appears to prejudice a defendant.'" *Thomas*, 849 F.3d at 675 (quoting Fed. R. Crim. P. 14). "To prevail on a request for severance the defendant must show compelling, specific, and actual prejudice." *Id*. Prejudice arises "if the jury cannot keep the evidence from each offense separate and [is] unable to render a fair and impartial verdict on each offense." *Id*. (citation and internal quotation marks omitted). "In determining whether a defendant [will suffer] prejudice, courts consider such factors as whether spillover evidence would incite or arouse the jury to convict on the remaining counts, whether the evidence was intertwined, the similarities and differences between the evidence, the strength of the government's case, and the ability of the jury to separate the evidence." *United States v. Serrano-Ramirez*, 319 F. Supp. 3d 918, 926 (M.D. Tenn. 2018) (quoting *United States v. Dale*, 429 Fed. Appx. 576, 578 (6th Cir. 2011)).

Here, Mr. Ussery insists that he would be prejudiced by having to defend allegations that occurred two years apart. The Government argues that severance is not appropriate because the jury will be able to compartmentalize the alleged offenses temporally, geographically, and through the Government's presentation of witnesses. With respect to time and location, the Government

3

asserts that the jury will be able to compartmentalize between the May 8, 2019 shooting and the March 23, 2021 traffic stop. Additionally, the Government asserts that the jury will be able to distinguish between evidence related to each Count because the witnesses for each Count will be different, and, as of present, there is no overlap between any of the witnesses.

"The Sixth Circuit presumes that the jury is capable of 'sorting out the evidence and considering each count ... separately.'" *Serrano-Ramirez*, 319 F. Supp. 3d at 926 (quoting *United States v. Swift*, 809 F.2d 320, 323 (6th Cir. 1987)). Here, the Court believes that the jury will be able to compartmentalize the evidence related to each of the charges because the Government's case is built around two distinct events on two distinct dates. Mr. Ussery has not demonstrated compelling or substantial prejudice will result from a joint trial that cannot be cured with appropriate limiting instructions regarding the consideration of particular items of evidence and regarding separate consideration of each count. *See United States v. Johnson*, 256 F. Supp. 3d 763, 770 (M.D. Tenn. 2017) ("Even where the risk of prejudice is high, less drastic measures, such as limiting instructions, often will suffice to cure any risk of prejudice.") (quoting *United States v. Driver*, 535 F.3d 424, 427 (6th Cir. 2008)). Accordingly, the Motion to Sever Offenses (Doc. No. 47) is **DENIED**.

It is so **ORDERED**.

WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE

4